# SC DOCKET SHEET

## CASE NO. PC-2016-4120

| Gina Guiducci | § | Location: | **Providence/Bristol County Superior Court** |
| v. | § | | |
| **Brown University, Peter Rossi** | § | Filed on: | **08/31/2016** |
| | § | US District Court Case | **1:16-CV-00516** |
| | § | Number: | |

---

### CASE INFORMATION

**Statistical Closures**                                      Case Type: **Civil Rights/Job Discrimination**
09/15/2016    Closed - Unassigned

Case Status: **09/15/2016    Closed**

---

| DATE | CASE ASSIGNMENT |
| --- | --- |
| | **Current Case Assignment** |
| | Case Number    PC-2016-4120 |
| | Court    Providence/Bristol County Superior Court |
| | Date Assigned    08/31/2016 |

---

### PARTY INFORMATION

| Plaintiff | Guiducci, Gina M. | *Lead Attorneys* **FORMISANO, V. EDWARD** *Retained* 4019449691(W) |
| --- | --- | --- |
| **Defendant** | **Brown University** | |
| | **Rossi, Peter** | |

| DATE | EVENTS & ORDERS OF THE COURT |
| --- | --- |
| 09/15/2016 | Closed Unassigned |
| 09/15/2016 | Case Removed to US District Court |
| 09/14/2016 | Notice |
| | *Notic eof Filing of Notice of Removal* |
| 09/07/2016 | Summons Returned Served |
| | *Executed Summons-Brown University* |
| 08/31/2016 | Summons |
| 08/31/2016 | Complaint Filed |
| | *Complaint* |



**STATE OF RHODE ISLAND**
**AND PROVIDENCE PLANTATIONS**

### CLERK'S CERTIFICATE AND TRANSMITTAL OF THE RECORD

| Case Information |
| --- |

Case Caption: **Gina Guiducci** vs. **Brown University & Peter Rossi**

Federal Court Case No. **1:16-cv-00516** State Court Case No. **PC-2016-4120**

| Record Information |
| --- |

Confidential:     Yes ☐    No ☑    Description: _____

Sealed documents:     Yes ☐    No ☑    Description: _____

| Certification |
| --- |

I, **Alexa Goneconte** _____, Clerk of the Rhode Island Superior Court for the County of
**Providence** _____ do certify that the attached documents are all the documents
included in the record in the above referenced case.

Clerk of Court

Date: 09/14/2016

/s/ _Alexa Goneconte_
By ~~Deputy Clerk~~
   _General Operations Assistant_

State of Rhode Island                                                    Superior Court
Providence, SC

Gina M. Guiducci,
        Plaintiff,

v.                                            C.A. No. 2016 - 4120

Brown University in Providence The
State of Rhode Island and Providence
Plantations and Peter Rossi, Alias
        Defendants

### Notice of Filing of Notice of Removal

Please take notice that Defendants Brown University in Providence The State of Rhode

Island and Providence Plantations and Peter Rossi, pursuant to 28 U.S.C. §§ 1331, 1367, 1441,

1446.

A true and accurate copy of the Notice of Removal, as filed with the United States District

Court for the District of Rhode Island, is attached as Exhibit A.


                                        Brown University in Providence The State of
                                        Rhode Island and Providence Plantations,
                                        And Peter Rossi,

                                        By their Attorney,

                                        /s/ Thomas R. Bender

                                        Thomas R. Bender, Esq. #2799
                                        Associate Counsel
                                        Office of the General Counsel
                                        Brown University
                                        Box 1913
                                        110 South Main Street
                                        Providence, RI 02912

1

Tel: (401) 863-9977
Fax: (401) 863-1120
thomas_bender@brown.edu

## Certificate of Service

I certify that on September 14, 2016, I caused a copy of this Notice of Filing Notice of Removal to be served upon Plaintiff's counsel, V. Edward Formisano, 100 Midway Place, Suite 1, Cranston, RI 02920-5707, electronically and by regular mail.

/s/ Thomas R. Bender

Thomas R. Bender

2

Case Number: PC-2016-4120
Filed in Providence/Bristol County Superior Court
Submitted: 9/14/2016 1:47 PM
Envelope: 754647
Reviewer: Alexa Goneconte

# Exhibit A

## To

# Notice of Notice of Removal

United States District Court
For the District of Rhode Island

Gina M. Guiducci,
    Plaintiff,

v.                                        C.A. No. 2016 -

Brown University in Providence The
State of Rhode Island and Providence
Plantations and Peter Rossi, Alias
    Defendants

### Notice of Removal

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendants Brown University in Providence The State of Rhode Island and Providence Plantations (hereinafter "Brown University") and Peter Rossi, by and through their undersigned attorney, submit this Notice of Removal and state as follows:

1. On August 31, 2016, Plaintiff filed a complaint in the Superior Court of Rhode Island, Providence County, captioned "Gina Guiducci v. Brown University in Providence The State of Rhode Island and Providence Plantations and Peter Rossi, Alias, C.A. No. PC 2016–4120."

2. On September 6, 2016, Plaintiff served a Summons and Complaint on David T. Riedel, agent for service of process for defendant Brown University. On September 8, 2016, Plaintiff served a Summons and Complaint on defendant Peter Rossi at his residence in Rehoboth, MA.

3. Copies of the Summonses and Complaint that were filed in the Superior Court are attached as Exhibit A, and they constitute all process, pleadings and orders in the action to date.

1

Case Number: PC-2016-4120
Filed in Providence/Bristol County Superior Court
Submitted: 9/14/2016 1:10 PM
Envelope: 754647
Reviewer: Alexa Goneconte

4. Plaintiff's Complaint pleads claims under the federal Family and Medical Leave Act, 28 U.S.C. § 2601, et seq., over which this Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5. The remaining state law claims in Plaintiff's Complaint are derived from the same common nucleus of operative fact under which the federal Family and Medical Leave Act claim arises, and the federal claim and state claims form part of the same case or controversy under Article II of the United States Constitution such that they are within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. This Notice of Removal is filed within thirty (30) days of service on each Defendant.

7. Written notice of the filing of this "Notice of Removal" will be given to Plaintiff, and a copy will be filed in the Superior Court as required by 28 U.S.C. § 1446(d).

Wherefore, Defendants submit that this Notice of Removal complies with the applicable statutory requirements, and they request that this action proceed in this Court.

Brown University and
Peter Rossi,

By their Attorney,

/s/ Thomas R. Bender

Thomas R. Bender, Esq. #2799
Associate Counsel
Office of the General Counsel
Brown University
Box 1913
110 South Main Street
Providence, RI 02912
Tel: (401) 863-9977
Fax: (401) 863-1120
thomas_bender@brown.edu

2

Certificate of Service

    I certify that on September 14, 2016, I caused a copy of this Notice of Removal to be served upon Plaintiff's counsel, V. Edward Formisano, 100 Midway Place, Suite 1, Cranston, RI 02920-5707, electronically and by regular mail.

<u>/s/ Thomas R. Bender</u>

Thomas R. Bender

3

Case Number: PC-2016-4120
Filed in Providence/Bristol County Superior Court
Submitted: 9/14/2016 1:14 PM
Envelope: 754647
Reviewer: Alexa Goneconte

# Exhibit A

## To

# Notice of Removal



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### SUMMONS

| | **Civil Action File Number** |
| --- | --- |
| | PC-2016-4120 |
| **Plaintiff** | **Attorney for the Plaintiff or the Plaintiff** |
| Gina M. Guiducci | V. Edward Formisano |
| v. | **Address of the Plaintiff's Attorney or the Plaintiff** |
| **Defendant** | FORMISANO COMPANY PC |
| Brown University | 100 MIDWAY PLACE SUITE 1 |
| | CRANSTON RI 02920 |
| Licht Judicial Complex | **Address of the Defendant** |
| Providence/Bristol County | 1 Prospect Street |
| 250 Benefit Street | Providence RI 02912 |
| Providence RI 02903 | |
| (401) 222-3250 | |

**TO THE DEFENDANT, Brown University:**

c/o: Agent for Service: David T. Riedel, Esq.
Adler Pollock & Sheehan, PC
One Citizens Plaza, 8th Fl

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 8/31/2016. | /s/ Henry Kinch |
| --- | --- |
| | Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

DATE 9/6/16
A TRUE COPY ATTEST
VINCENT P CATAMERO
R.I. CONSTABLE #8023

Case Number: PC-2016-4120
Filed in Providence/Bristol County Superior Court
Submitted: 9/14/2016
Envelope: 754647
Reviewer: Alexa Goneconte



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Gina M. Guiducci<br>v.<br>**Defendant**<br>Brown University | **Civil Action File Number**<br>PC-2016-4120 |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Brown University, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ I was unable to make service after the following reasonable attempts. _____
_____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $_____ |
| Month   Day   Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

Signature _____

State of _____
County of _____

On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

Notary Public: _____
My commission expires: _____
Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND     PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### SUMMONS

|  | Civil Action File Number |
| --- | --- |
|  | PC-2016-4120 |
| **Plaintiff** | **Attorney for the Plaintiff or the Plaintiff** |
| Gina M. Guiducci | V. Edward Formisano |
| v. | **Address of the Plaintiff's Attorney or the Plaintiff** |
| **Defendant** | FORMISANO COMPANY PC |
| Brown University | 100 MIDWAY PLACE SUITE 1 |
|  | CRANSTON RI 02920 |
| Licht Judicial Complex | **Address of the Defendant** |
| Providence/Bristol County | No Known Address |
| 250 Benefit Street |  |
| Providence RI 02903 |  |
| (401) 222-3250 |  |

**TO THE DEFENDANT, Peter Rossi:**    67 Mikayla Ann Drive
Rehoboth, MA  02769

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 8/31/2016. | /s/ Henry Kinch |
| --- | --- |
|  | Clerk |

Witness the seal/watermark of the Superior Court

"A True Copy Attest"

Terrance J. McCrosson
Constable & Disinterested Person

SC-CMS-1 (revised July 2014)

Case Number: PC-2016-4120
Filed in Providence/Bristol County Superior Court
Submitted: 9/14/2016
Envelope: 754647
Reviewer: Alexa Goneconte



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff | Civil Action File Number |
|---|---|
| Gina M. Guiducci | PC-2016-4120 |
| v. | |
| Defendant | |
| Brown University | |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Peter Rossi, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
Name of person and designation _____

☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ I was unable to make service after the following reasonable attempts: _____

_____

SERVICE DATE: ___/___/___          SERVICE FEE $ _____
         Month  Day  Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

_____

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____

County of _____

On this _____ day of _____ 20___, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

         Notary Public: _____
         My commission expires: _____
         Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)

Case Number: PG-2016-4120
Filed in Providence/Bristol County Superior Court
Submitted: 8/31/2016 2:03:29 PM
Envelope: 738893
Reviewer: Carol Graziano

STATE OF RHODE ISLAND                          SUPERIOR COURT
PROVIDENCE, SC.

GINA M. GUIDUCCI,                          :
    Plaintiff                          :
                       :

    v.                          :          C.A. No. 2016-4120

                    :
BROWN UNIVERSITY IN PROVIDENCE             :
THE STATE OF RHODE ISLAND AND              :
PROVIDENCE PLANTATIONS and                 :
PETER ROSSI, Alias,                        :
    Defendants                          :

## COMPLAINT

### I. Introductory Statement

This action is brought by the Plaintiff seeking declaratory and injunctive relief, attorney's

fees and litigation expenses and other equitable relief, including back pay, as well as compensatory

punitive, liquidated damages to remedy unlawful discrimination in employment the Plaintiff

suffered in violation of the Fair Employment Practices Act ("FEPA"), R.I.G.L. §28-5-1, *et seq.*, the

Rhode Island Civil Rights of People with Disabilities Act ("CRPD"), R.I.G.L. §42-87-1, *et seq.*, the

Rhode Island Civil Rights Act ("RICRA"), R.I.G.L. §42-112-1, *et seq.*, the Family and Medical

Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA"), and the Rhode Island Parental and Family Medial

Leave Act, R.I.G.L. §28-48-1, *et seq.* ("RIPFMLA").

### II. Parties

1.    The Plaintiff is a resident of the City of Providence, County of Providence, State of

Rhode Island.

2.    Defendant Brown University in Providence in the State of Rhode Island and

Providence Plantations ("Brown") is a Rhode Island non-profit corporation, and, on information and

belief, maintains a principal place of business located in Providence, Rhode Island. Defendant Brown operates a student university located in Providence, Rhode Island.

3.     Defendant Peter Rossi, Alias ("Rossi"), was, at all relevant times herein, employed by Defendant Brown as Associate Director of Defendant Brown's Dining Services Department and was Plaintiff's supervisor.

### III. Jurisdiction

4.     This Court has jurisdiction over the Plaintiff's claims under the FEPA pursuant to R.I.G.L. §28-5-24.1, jurisdiction over the Plaintiff's claims under the RICRA pursuant to R.I.G.L §42-112-2, jurisdiction over the Plaintiff's claims under the CRPD pursuant to R.I.G.L. §42-87-4, jurisdiction over the Plaintiff's claims under the RIPFMLA pursuant to R.I.G.L. §28-48-6, and concurrent jurisdiction over the Plaintiff's claims under the FMLA pursuant to 29 U.S.C. §2617.

### IV. Venue

5.     Venue is proper in this Court in accordance with R.I.G.L. §9-4-3 insofar as the Plaintiff resides in the County of Providence, State of Rhode Island.

### V. Exhaustion of Administrative Remedies

6.     On or about August 31, 2015, the Plaintiff timely filed a charge of disability discrimination with the Rhode Island Commission for Human Rights ("RICHR"), RICHR No. 16 EMD 043-06/06.

7.     In May, 2016, more than one hundred twenty (120) days, but less than two (2) years after the charge was filed, the Plaintiff requested that the RICHR issue a right to sue letter.

8.     On or about June 20, 2016, the Plaintiff was issued a notice of right to sue by the RICHR and has timely instituted suit thereon.

2

Case Number: PC-2016-4120
Filed in Providence/Bristol County Superior Court
Submitted: 8/31/2016 2:03:29 PM
Envelope: 738893
Reviewer: Carol Graziano

9.    The RICHR failed to act upon the Plaintiff's charge of discrimination within sixty (60) days of the filing of the charge and thus the Plaintiff's CRPD claim is properly before this Court pursuant to R.I.G.L. §42-87-4(b).

10.    There is no requirement under the RICRA, the FMLA, or the RIPFMLA relative to the exhaustion of administrative remedies.

### VI. Material Facts

11.    In June, 2008, the Plaintiff was hired by Defendant Brown as an Administrative Dietician in its Dining Services Department.

12.    During all relevant time periods, the Plaintiff's work performance was satisfactory.

13.    On May 30, 2014, the Plaintiff was involved in a cycling accident and sustained a head injury.

14.    As a result of the accident, the Plaintiff suffered from a concussion and associated symptoms.

15.    The Plaintiff was thereafter diagnosed with post-concussion syndrome, dizziness and vestibular dysfunction, as well as depression and anxiety.

16.    That during all relevant time periods, the Defendants knew that the Plaintiff suffered from a disability or regarded the Plaintiff as being disabled.

17.    That despite her disability, the Plaintiff was still qualified to perform her job with or without reasonable accommodation.

18.    As a result of her medical condition, the Plaintiff missed time from work from June 2, 2014 until June 6, 2014.

19.    On June 9, 2014, based on the recommendation of her physician, the Plaintiff began working a modified schedule on account of her medical condition.

3

20.    On June 17, 2014, based on the recommendation of her physician, the Plaintiff commenced a medical leave of absence due to her disability or perceived disability pursuant to the FMLA and/or RIPFMLA.

21.    That at all relevant times, the Plaintiff was eligible for and entitled to an FMLA and/or RIPFMLA medical leave.

22.    That the Plaintiff's FMLA/RIPFMLA was approved by Defendant Brown and extended through September 9, 2014.

23.    On July 21, 2014, the Plaintiff returned to work from her medical leave with a modified work schedule.

24.    On August 18, 2014, based on the recommendation of her physician, the Plaintiff commenced another medical leave due to her medical condition.

25.    On September 8, 2014, while on medical leave, the Plaintiff requested that she be able to return to work with a reasonable workplace accommodation in the form of a modified work schedule, *to wit*, part-time work hours.

26.    At that time, the Plaintiff's physician provided Defendants with a written modified management plan outlining her workplace accommodations.

27.    Notwithstanding the Plaintiff's medical needs and the explicit recommendations from her physician, Defendants informed the Plaintiff that their "expectation" was that she would return to a full-time schedule on September 23, 2014.

28.    On September 22, 2014, through her treating physician, the Plaintiff provided a new management plan to Defendants, which included modified work hours as a workplace accommodation.

4

Case Number: PC-2016-4120
Filed in Providence/Bristol County Superior Court
Submitted: 8/31/2016 2:03:29 PM
Envelope: 738893
Reviewer: Carol Graziano

29.     On September 30, 2014, Defendants informed the Plaintiff that they would provide her a workplace accommodation; however, Defendants further stated that the Plaintiff could not continue a modified schedule after October 10, 2014, regardless of any future medical recommendations from her physician.

30.     As a result of Defendants' failure to provide a reasonable accommodation for her disability, the Plaintiff was forced to apply for short-term disability leave and, thereafter, compelled to resign from her position on October 13, 2014.

31.     Defendants knew that the Plaintiff suffered from a disability or regarded her as being disabled and relied on this fact in making an incorrect and unsubstantiated determination that the Plaintiff's major life activity of working was affected to the degree that she was no longer qualified for her job.

32.     As stated above, the Plaintiff requested a reasonable accommodation in the form of modified work schedule.

33.     However, rather than provide the accommodation reasonably required by the Plaintiff under the circumstances, specifically a modified a work schedule, Defendants subjected the Plaintiff to workplace discrimination on account of her disability or perceived disability, including, but not limited to, terminating her position at Defendant Brown.

34.     On information and belief, Defendants' rationale for terminating the Plaintiff's position was pretext for employment discrimination.

35.     That the facts of this matter clearly establish that Defendants discriminated against the Plaintiff on account of her disability or perceived disability in violation of the FEPA, the RICRA and the CRPD.

5

Case Number: PC-2016-4120
Filed in Providence/Bristol County Superior Court
Submitted: 8/31/2016 2:03:29 PM
Envelope: 738893
Reviewer: Carol Graziano

36.    That the Defendants subjected the Plaintiff to workplace discrimination, including terminating her employment, on account that she exercised her statutory right to a medical leave of absence pursuant to the FMLA and the RIPFMLA.

37.    As a proximate result of Defendants' unlawful and/or discriminatory employment practices, including, but not limited to, those described herein, the Plaintiff suffered and will continue to suffer loss of income, including past and future salary, pension benefits, damage to her business and personal reputation, mental and physical anguish, pain and suffering, and other harm.

### VII.  Claims for Relief

38.    The Plaintiff incorporates in the counts below the allegations contained in paragraphs 1-37 above.

### Count One
### Unlawful Discrimination—R.I.G.L. §42-87-1, *et seq.*

39.    Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her disability or perceived disability in violation of the CRPD, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the CRPD.

### Count Two
### Unlawful Discrimination—R.I.G.L. §28-5-1, *et seq.*

40.    Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her disability or perceived disability in violation of the FEPA, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the FEPA.

6

Case Number: PC-2016-4120
Filed In Providence/Bristol County Superior Court
Submitted: 8/31/2016 2:03:29 PM
Envelope: 738893
Reviewer: Carol Graziano

## Count Three
### Unlawful Discrimination—R.I.G.L. §42-112-1, *et seq.*

41.     Defendants, by their individual and/or concerted acts or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her disability or perceived disability in violation of the RICRA, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RICRA.

## Count Four
### Violation of FMLA—29 U.S.C. §2601, *et seq.*

42.     Defendants, by their individual and/or concerted acts or omissions, including, but not limited to, those described herein, discriminated against the Plaintiff and violated the Plaintiff's statutory rights in violation of the FMLA, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the FMLA.

## Count Five
### Violation of RIPFMLA—R.I.G.L. §28-48-1, *et seq.*

43.     Defendants, by their individual and/or concerted acts or omissions, including, but not limited to, those described herein, discriminated against the Plaintiff and violated the Plaintiff's statutory rights in violation of the RIPFMLA, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RIPFMLA.

### VIII. Prayers for Relief

WHEREFORE, the Plaintiff respectfully prays that this Court grant the following relief:

1.     a declaratory judgment that the Defendants, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of the FEPA, the RICRA, the CRPD, the FMLA and/or the RIPFMLA;

7

Case Number: PC-2016-4120
Filed in Providence/Bristol County Superior Court
Submitted: 8/31/2016 2:03:29 PM
Envelope: 738893
Reviewer: Carol Graziano

2.     enjoining and permanently restraining the Defendants from violating the FEPA, the RICRA, the CRPD, the FMLA, and/or RIPFMLA;

3.     award the Plaintiff back pay, including incremental increases, pension rights and other benefits, plus prejudgment interest thereon;

4.     award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

5.     award the Plaintiff punitive damages for Defendants' intentional, malicious, reckless and/or willful violation of the FEPA, the RICRA and/or the CRPD;

6.     award the Plaintiff liquidated damages pursuant to the FMLA and the RIPFMLA;

7.     award Plaintiff reasonable attorney's fees and costs of litigation pursuant to the FEPA, the RICRA, the CRPD, the FMLA and/or RIPFMLA; and,

8.     such other and further relief as the Court deems just and proper.

## IX. Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## X. Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire and Michael D. Pushee, Esquire, as trial counsel.

8

Case Number: PC-2016-4120
Filed in Providence/Bristol County Superior Court
Submitted: 8/31/2016 2:03:29 PM
Envelope: 738893
Reviewer: Carol Graziano

PLAINTIFF,
By her attorneys,
FORMISANO & COMPANY, P.C.


/s/ V. Edward Formisano
V. Edward Formisano (#5512)
Michael D. Pushee (#6948)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)

## CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 31st day of August, 2016 and is available for viewing and downloading from the ECF system.


/s/ V. Edward Formisano


9

Case Number: PC-2016-4120
Filed in Providence/Bristol County Superior Court
Submitted: 9/7/2016 11:10 AM
Envelope: 746703
Reviewer: Carol Graziano



STATE OF RHODE ISLAND AND     PROVIDENCE PLANTATIONS

# SUPERIOR COURT

## SUMMONS

| | |
|---|---|
| | **Civil Action File Number**<br>PC-2016-4120 |
| **Plaintiff**<br>Gina M. Guiducci<br>     v.<br>**Defendant**<br>Brown University | **Attorney for the Plaintiff or the Plaintiff**<br>V. Edward Formisano |
| | **Address of the Plaintiff's Attorney or the Plaintiff**<br>FORMISANO COMPANY PC<br>100 MIDWAY PLACE SUITE 1<br>CRANSTON RI 02920 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI 02903<br>(401) 222-3250 | **Address of the Defendant**<br>1 Propsect Street<br>Providence RI 02912 |

c/o: Agent for Service: David T. Riedel, Esq.
Adler Pollock & Sheehan, PC
One Citizens Plaza, 8th Fl

**TO THE DEFENDANT, Brown University:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| | |
|---|---|
| This Summons was generated on 8/31/2016. | /s/ Henry Kinch<br>Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND ⚓ PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| | |
|---|---|
| **Plaintiff**<br>Gina M. Guiducci<br>v.<br>**Defendant**<br>Brown University | **Civil Action File Number**<br>PC-2016-4120 |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Brown University, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____

Age _____
Relationship to the Defendant _____

☑ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _Eri. Dait Rose, Etc._
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)



STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:

☐ By delivering said papers to an officer or a managing or general agent.
   Name of person and designation _____

☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name of person and designation _____

☑ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____ C/o _DAVID T. RIEDEL, ESQ_
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

   _____

☐ I was unable to make service after the following reasonable attempts: _____

   _____

SERVICE DATE: _9  6  16_          SERVICE FEE $ _45.00_
                Month   Day   Year

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE _____

VINCENT P CATANERO
RI CONSTABLE # 6023

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____

Signature

State of _____
County of _____

   On this _____ day of _____ 20____ before me, the undersigned notary public, personally
appeared _____ ☐ personally known to the notary
or ☐ proved to the notary through satisfactory evidence of identification, which was
_____, to be the person who signed above in my presence,
and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her
knowledge.

                    Notary Public: _____
                    My commission expires: _____
                    Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)



SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### SUMMONS

|  | **Civil Action File Number**<br>PC-2016-4120 |
|---|---|
| **Plaintiff**<br>Gina M. Guiducci<br><br>v.<br><br>**Defendant**<br>Brown University | **Attorney for the Plaintiff or the Plaintiff**<br>V. Edward Formisano |
|  | **Address of the Plaintiff's Attorney or the Plaintiff**<br>FORMISANO COMPANY PC<br>100 MIDWAY PLACE SUITE 1<br>CRANSTON RI  02920 |
| Licht Judicial Complex<br>Providence/Bristol County<br>250 Benefit Street<br>Providence RI  02903<br>(401) 222-3250 | **Address of the Defendant**<br>No Known Address |

**TO THE DEFENDANT, Peter Rossi:**

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 8/31/2016. | /s/ Henry Kinch<br>Clerk |
|---|---|

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND **PROVIDENCE PLANTATIONS**

## SUPERIOR COURT

| **Plaintiff** | **Civil Action File Number** |
|---|---|
| Gina M. Guiducci | PC-2016-4120 |
| v. | |
| **Defendant** | |
| Brown University | |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Peter Rossi, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person of suitable age and discretion
   Address of dwelling house or usual place of abode _____

_____
   Age _____
   Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.

_____

☐ With a guardian or conservator of the Defendant.
   Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
   Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
☐ By delivering said papers to an officer or a managing or general agent.
   Name of person and designation _____
☐ By leaving said papers at the office of the corporation with a person employed therein.
   Name of person and designation _____
☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
   Name of authorized agent _____
   If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
   _____

☐ I was unable to make service after the following reasonable attempts: _____
_____

SERVICE DATE: _____/_____/_____          SERVICE FEE $ _____
                    Month    Day    Year
Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____
County of _____

   On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                              Notary Public: _____
                              My commission expires: _____
                              Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)



SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

### SUMMONS

| | Civil Action File Number |
| --- | --- |
| | PC-2016-4120 |
| **Plaintiff** | **Attorney for the Plaintiff or the Plaintiff** |
| Gina M. Guiducci | V. Edward Formisano |
| v. | **Address of the Plaintiff's Attorney or the Plaintiff** |
| **Defendant** | FORMISANO COMPANY PC |
| Brown University | 100 MIDWAY PLACE SUITE 1 |
| | CRANSTON RI  02920 |
| Licht Judicial Complex | **Address of the Defendant** |
| Providence/Bristol County | 1 Propsect Street |
| 250 Benefit Street | Providence RI  02912 |
| Providence RI  02903 | |
| (401) 222-3250 | |

**TO THE DEFENDANT, Brown University:**

   The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon the Plaintiff's attorney, whose address is listed above, an answer to the complaint which is herewith served upon you within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

   If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  Your answer must also be filed with the court.

   As provided in Rule 13(a) of the Superior Court Rules of Civil Procedure, unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

| This Summons was generated on 8/31/2016. | /s/ Henry Kinch |
| --- | --- |
| | Clerk |

Witness the seal/watermark of the Superior Court

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

| Plaintiff | Civil Action File Number |
|---|---|
| Gina M. Guiducci | PC-2016-4120 |
| v. | |
| **Defendant** | |
| Brown University | |

### PROOF OF SERVICE

I hereby certify that on the date below I served a copy of this Summons, complaint, Language Assistance Notice, and all other required documents received herewith upon the Defendant, Brown University, by delivering or leaving said papers in the following manner:

☐ With the Defendant personally.

☐ At the Defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person of suitable age and discretion _____
Address of dwelling house or usual place of abode _____
_____
Age _____
Relationship to the Defendant _____

☐ With an agent authorized by appointment or by law to receive service of process.
Name of authorized agent _____
If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
_____

☐ With a guardian or conservator of the Defendant.
Name of person and designation _____

☐ By delivering said papers to the attorney general or an assistant attorney general if serving the state.

☐ Upon a public corporation, body, or authority by delivering said papers to any officer, director, or manager.
Name of person and designation _____

Page 1 of 2

SC-CMS-1 (revised July 2014)

STATE OF RHODE ISLAND AND  PROVIDENCE PLANTATIONS

## SUPERIOR COURT

Upon a private corporation, domestic or foreign:
- ☐ By delivering said papers to an officer or a managing or general agent.
  Name of person and designation _____
- ☐ By leaving said papers at the office of the corporation with a person employed therein.
  Name of person and designation _____
- ☐ By delivering said papers to an agent authorized by appointment or by law to receive service of process.
  Name of authorized agent _____
  If the agent is one designated by statute to receive service, further notice as required by statute was given as noted below.
  _____

☐ I was unable to make service after the following reasonable attempts: _____
  _____

| SERVICE DATE: _____/_____/_____ | SERVICE FEE $_____ |
| Month    Day    Year | |

Signature of SHERIFF or DEPUTY SHERIFF or CONSTABLE

SIGNATURE OF PERSON OTHER THAN A SHERIFF or DEPUTY SHERIFF or CONSTABLE MUST BE NOTARIZED.

_____
 Signature

State of _____
County of _____

    On this _____ day of _____, 20____, before me, the undersigned notary public, personally appeared _____ ☐ personally known to the notary or ☐ proved to the notary through satisfactory evidence of identification, which was _____, to be the person who signed above in my presence, and who swore or affirmed to the notary that the contents of the document are truthful to the best of his or her knowledge.

                    Notary Public: _____
                    My commission expires: _____
                    Notary identification number: _____

Page 2 of 2

SC-CMS-1 (revised July 2014)



**STATE OF RHODE ISLAND**                **SUPERIOR COURT**
**PROVIDENCE, SC.**

| | | |
|---|---|---|
| **GINA M. GUIDUCCI,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **C.A. No.** |
| | : | |
| **BROWN UNIVERSITY IN PROVIDENCE** | : | |
| **THE STATE OF RHODE ISLAND AND** | : | |
| **PROVIDENCE PLANTATIONS and** | : | |
| **PETER ROSSI, Alias,** | : | |
| **Defendants** | : | |

## COMPLAINT

### I. Introductory Statement

This action is brought by the Plaintiff seeking declaratory and injunctive relief, attorney's

fees and litigation expenses and other equitable relief, including back pay, as well as compensatory

punitive, liquidated damages to remedy unlawful discrimination in employment the Plaintiff

suffered in violation of the Fair Employment Practices Act ("FEPA"), R.I.G.L. §28-5-1, *et seq.*, the

Rhode Island Civil Rights of People with Disabilities Act ("CRPD"), R.I.G.L. §42-87-1, *et seq.*, the

Rhode Island Civil Rights Act ("RICRA"), R.I.G.L. §42-112-1, *et seq.*, the Family and Medical

Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA"), and the Rhode Island Parental and Family Medial

Leave Act, R.I.G.L. §28-48-1, *et seq.* ("RIPFMLA").

### II. Parties

1.      The Plaintiff is a resident of the City of Providence, County of Providence, State of

Rhode Island.

2.      Defendant Brown University in Providence in the State of Rhode Island and

Providence Plantations ("Brown") is a Rhode Island non-profit corporation, and, on information and

belief, maintains a principal place of business located in Providence, Rhode Island. Defendant Brown operates a student university located in Providence, Rhode Island.

3.       Defendant Peter Rossi, Alias ("Rossi"), was, at all relevant times herein, employed by Defendant Brown as Associate Director of Defendant Brown's Dining Services Department and was Plaintiff's supervisor.

## III. Jurisdiction

4.       This Court has jurisdiction over the Plaintiff's claims under the FEPA pursuant to R.I.G.L. §28-5-24.1, jurisdiction over the Plaintiff's claims under the RICRA pursuant to R.I.G.L §42-112-2, jurisdiction over the Plaintiff's claims under the CRPD pursuant to R.I.G.L. §42-87-4, jurisdiction over the Plaintiff's claims under the RIPFMLA pursuant to R.I.G.L. §28-48-6, and concurrent jurisdiction over the Plaintiff's claims under the FMLA pursuant to 29 U.S.C. §2617.

## IV. Venue

5.       Venue is proper in this Court in accordance with R.I.G.L. §9-4-3 insofar as the Plaintiff resides in the County of Providence, State of Rhode Island.

## V. Exhaustion of Administrative Remedies

6.       On or about August 31, 2015, the Plaintiff timely filed a charge of disability discrimination with the Rhode Island Commission for Human Rights ("RICHR"), RICHR No. 16 EMD 043-06/06.

7.       In May, 2016, more than one hundred twenty (120) days, but less than two (2) years after the charge was filed, the Plaintiff requested that the RICHR issue a right to sue letter.

8.       On or about June 20, 2016, the Plaintiff was issued a notice of right to sue by the RICHR and has timely instituted suit thereon.

2

9.      The RICHR failed to act upon the Plaintiff's charge of discrimination within sixty (60) days of the filing of the charge and thus the Plaintiff's CRPD claim is properly before this Court pursuant to R.I.G.L. §42-87-4(b).

10.     There is no requirement under the RICRA, the FMLA, or the RIPFMLA relative to the exhaustion of administrative remedies.

## VI. **Material Facts**

11.     In June, 2008, the Plaintiff was hired by Defendant Brown as an Administrative Dietician in its Dining Services Department.

12.     During all relevant time periods, the Plaintiff's work performance was satisfactory.

13.     On May 30, 2014, the Plaintiff was involved in a cycling accident and sustained a head injury.

14.     As a result of the accident, the Plaintiff suffered from a concussion and associated symptoms.

15.     The Plaintiff was thereafter diagnosed with post-concussion syndrome, dizziness and vestibular dysfunction, as well as depression and anxiety.

16.     That during all relevant time periods, the Defendants knew that the Plaintiff suffered from a disability or regarded the Plaintiff as being disabled.

17.     That despite her disability, the Plaintiff was still qualified to perform her job with or without reasonable accommodation.

18.     As a result of her medical condition, the Plaintiff missed time from work from June 2, 2014 until June 6, 2014.

19.     On June 9, 2014, based on the recommendation of her physician, the Plaintiff began working a modified schedule on account of her medical condition.

3

20.     On June 17, 2014, based on the recommendation of her physician, the Plaintiff commenced a medical leave of absence due to her disability or perceived disability pursuant to the FMLA and/or RIPFMLA.

21.     That at all relevant times, the Plaintiff was eligible for and entitled to an FMLA and/or RIPFMLA medical leave.

22.     That the Plaintiff's FMLA/RIPFMLA was approved by Defendant Brown and extended through September 9, 2014.

23.     On July 21, 2014, the Plaintiff returned to work from her medical leave with a modified work schedule.

24.     On August 18, 2014, based on the recommendation of her physician, the Plaintiff commenced another medical leave due to her medical condition.

25.     On September 8, 2014, while on medical leave, the Plaintiff requested that she be able to return to work with a reasonable workplace accommodation in the form of a modified work schedule, *to wit*, part-time work hours.

26.     At that time, the Plaintiff's physician provided Defendants with a written modified management plan outlining her workplace accommodations.

27.     Notwithstanding the Plaintiff's medical needs and the explicit recommendations from her physician, Defendants informed the Plaintiff that their "expectation" was that she would return to a full-time schedule on September 23, 2014.

28.     On September 22, 2014, through her treating physician, the Plaintiff provided a new management plan to Defendants, which included modified work hours as a workplace accommodation.

4

29.     On September 30, 2014, Defendants informed the Plaintiff that they would provide her a workplace accommodation; however, Defendants further stated that the Plaintiff could not continue a modified schedule after October 10, 2014, regardless of any future medical recommendations from her physician.

30.     As a result of Defendants' failure to provide a reasonable accommodation for her disability, the Plaintiff was forced to apply for short-term disability leave and, thereafter, compelled to resign from her position on October 13, 2014.

31.     Defendants knew that the Plaintiff suffered from a disability or regarded her as being disabled and relied on this fact in making an incorrect and unsubstantiated determination that the Plaintiff's major life activity of working was affected to the degree that she was no longer qualified for her job.

32.     As stated above, the Plaintiff requested a reasonable accommodation in the form of modified work schedule.

33.     However, rather than provide the accommodation reasonably required by the Plaintiff under the circumstances, specifically a modified a work schedule, Defendants subjected the Plaintiff to workplace discrimination on account of her disability or perceived disability, including, but not limited to, terminating her position at Defendant Brown.

34.     On information and belief, Defendants' rationale for terminating the Plaintiff's position was pretext for employment discrimination.

35.     That the facts of this matter clearly establish that Defendants discriminated against the Plaintiff on account of her disability or perceived disability in violation of the FEPA, the RICRA and the CRPD.

36.    That the Defendants subjected the Plaintiff to workplace discrimination, including terminating her employment, on account that she exercised her statutory right to a medical leave of absence pursuant to the FMLA and the RIPFMLA.

37.    As a proximate result of Defendants' unlawful and/or discriminatory employment practices, including, but not limited to, those described herein, the Plaintiff suffered and will continue to suffer loss of income, including past and future salary, pension benefits, damage to her business and personal reputation, mental and physical anguish, pain and suffering, and other harm.

### VII. <u>Claims for Relief</u>

38.    The Plaintiff incorporates in the counts below the allegations contained in paragraphs 1-37 above.

### Count One
### Unlawful Discrimination—R.I.G.L. §42-87-1, *et seq*.

39.    Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her disability or perceived disability in violation of the CRPD, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the CRPD.

### Count Two
### Unlawful Discrimination—R.I.G.L. §28-5-1, *et seq*.

40.    Defendants, by their individual and/or concerted acts and/or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her disability or perceived disability in violation of the FEPA, causing the Plaintiff to suffer damages as aforesaid and thereby deprived the Plaintiff of rights secured under the FEPA.

6

**Count Three**
**Unlawful Discrimination—R.I.G.L. §42-112-1, _et seq._**

41.     Defendants, by their individual and/or concerted acts or omissions, including, but not limited to, those described herein, constitute unlawful discrimination against the Plaintiff in employment on account of her disability or perceived disability in violation of the RICRA, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RICRA.

**Count Four**
**Violation of FMLA—29 U.S.C. §2601, _et seq._**

42.     Defendants, by their individual and/or concerted acts or omissions, including, but not limited to, those described herein, discriminated against the Plaintiff and violated the Plaintiff's statutory rights in violation of the FMLA, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the FMLA.

**Count Five**
**Violation of RIPFMLA—R.I.G.L. §28-48-1, _et seq._**

43.     Defendants, by their individual and/or concerted acts or omissions, including, but not limited to, those described herein, discriminated against the Plaintiff and violated the Plaintiff's statutory rights in violation of the RIPFMLA, causing the Plaintiff to suffer damages as aforesaid, and thereby deprived the Plaintiff of rights secured under the RIPFMLA.

**VIII.  Prayers for Relief**

**WHEREFORE**, the Plaintiff respectfully prays that this Court grant the following relief:

1.     a declaratory judgment that the Defendants, in the manner described herein, unlawfully discriminated against the Plaintiff in violation of the FEPA, the RICRA, the CRPD, the FMLA and/or the RIPFMLA;

7

2.  enjoining and permanently restraining the Defendants from violating the FEPA, the RICRA, the CRPD, the FMLA, and/or RIPFMLA;

3.  award the Plaintiff back pay, including incremental increases, pension rights and other benefits, plus prejudgment interest thereon;

4.  award the Plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses, plus prejudgment interest thereon;

5.  award the Plaintiff punitive damages for Defendants' intentional, malicious, reckless and/or willful violation of the FEPA, the RICRA and/or the CRPD;

6.  award the Plaintiff liquidated damages pursuant to the FMLA and the RIPFMLA;

7.  award Plaintiff reasonable attorney's fees and costs of litigation pursuant to the FEPA, the RICRA, the CRPD, the FMLA and/or RIPFMLA; and,

8.  such other and further relief as the Court deems just and proper.

## IX.  Demand for Jury Trial

The Plaintiff hereby demands a trial by jury on all counts so triable.

## X.  Designation of Trial Counsel

The Plaintiff hereby designates V. Edward Formisano, Esquire and Michael D. Pushee, Esquire, as trial counsel.

8

PLAINTIFF,
By her attorneys,
FORMISANO & COMPANY, P.C.


/s/ V. Edward Formisano
V. Edward Formisano (#5512)
Michael D. Pushee (#6948)
100 Midway Place, Suite 1
Cranston, RI 02920-5707
(401) 944-9691
(401) 944-9695 (facsimile)

## CERTIFICATION

I hereby certify that the within document has been electronically filed with the Court on this 31st day of August, 2016 and is available for viewing and downloading from the ECF system.


/s/ V. Edward Formisano

9